# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **JOHN MICHAEL FELTS**, <br><br> **JENNIFER MARIE OBERT f/k/a JENNIFER MARIE FELTS**, <br><br> **WR BREWERY HOLDINGS, LLC**, and <br><br> **WHITE RIVER BREWERY, LLC**, <br><br> Defendants. | Civil No. 25-3252 |

## COMPLAINT

The United States of America, by and through United States Attorney for the Western District of Missouri R. Matthew Price, and the undersigned Assistant United States Attorney, alleges upon information and belief as follows:

### INTRODUCTION

1. This is a civil action initiated by the United States of America pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, et seq., and the Missouri Uniform Fraudulent Transfer Act ("UFTA"), Mo. Rev. Stat. § 428.024, and involving fraudulent transfers as to a debt owed to the United States.

### JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred by 28 U.S.C. §§ 1331, 1345, and 3001.

3. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to this claim occurred within this district, and under 28 U.S.C. § 3004(b), as this is an action to enforce a debt to the United States.

## THE PARTIES

4. Plaintiff is the United States of America proceeding in its sovereign capacity under 28 U.S.C. § 1345 and 18 U.S.C. § 3664(m)(1)(A)(ii).

5. Defendant John Michael Felts ("Debtor") is a natural person. He is currently in the custody of the United States Bureau of Prisons and can be served at Forrest City Low FCI, Forrest City, Arkansas.

6. Defendant Jennifer Marie Obert f/k/a Jennifer Marie Felts is a natural person and can be served at 926 East Greenwood, Springfield, Missouri 65807.

7. Defendant WR Brewery Holdings, LLC is a limited liability company organized under Chapter 347 of the Missouri Revised Statutes, and can be served through its registered agent, Jennifer Marie Obert at the previously referenced address, or through the Missouri Secretary of State.

8. Defendant White River Brewing, LLC is a limited liability company organized under Chapter 347 of the Missouri Revised Statutes, and can be served through its registered agent, Ross Chaffin, at 1605 East Sunshine, Springfield, Missouri 65804, or through the Missouri Secretary of State.

## STATEMENT OF FACTS

9. On or about April 28, 2020, Debtor organized WR Brewery Holdings, LLC pursuant to Chapter 347 of the Revised Statutes of Missouri. [Exhibit A.]

10. On or before March 1, 2021, WR Brewery Holdings, LLC, acquired property at 505 West Commercial Street, Springfield, Greene County, Missouri, which is more particularly described as follows (herein "Commercial Street Property"):

> Beginning at the Northeast corner of Lot Two (2), Block Thirty-three (33), ORIGINAL PLAT OF NORTH SPRINGFIELD, in the City of SPRINGFIELD, GREENE County, Missouri, according to the recorded plat thereof; thence South along the West right of way line of Lyon Avenue, 149.54 feet to the intersection of the West right of way line of said Lyon Avenue and the North line of Commercial Street; thence Westerly along the North right of way line of Commercial Street, a distance of 159.46 feet to the line that divides the East Half (E½) of the Southeast Quarter (SE¼) of Section Eleven (11), Township Twenty-nine (29) North, Range Twenty-two (22) West, into East and West halves; said point being 254.14 feet South of the centerline of the Burlington-Northern Railroad; thence North along the line that divides said East Half (E½) of the Southeast Quarter (SE¼) of Section Eleven (11), Township Twenty-nine (29) North, Range Twenty-two (22) West into East and West halves, a distance of 154.53 feet to the North line of Lot Two (2), Block Thirty-tree (33) of the ORIGINAL TOWN OF NORTH SPRINGFIELD, as projected West; thence East along the North line of said Lot Two (2), a distance of 157.50 feet to the point of beginning, in the City of SPRINGFIELD, GREENE County, Missouri.

A true and correct copy of the deed is attached hereto as Exhibit B.

11. The Commercial Street Property has done business as White River Brewing since approximately 2012. Since 2021, the Debtor has held himself out publicly as the owner and operator of White River Brewing and has benefitted financially from that ownership. Geoff Pickle, *White River Owner Plans Satellite Location on South Side*, Springfield Business Journal (Nov. 16, 2021), https://sbj.net/stories/white-river-owner-plans-satellite-location-on-south-side,76937.

12. Since being purchased by the Debtor in 2021 and until the Debtor was convicted of a felony, it operated as a fully functional brewery and tap room, open to the public, and contains numerous items, both known and unknown, of personal property within the premises, as well as

property associated with that business, including, brewing and distribution equipment, tables, chairs, inventory, ingredients used in brewing, and other unknown items.

13. Further, the business has intellectual property associated with it, including brand names, product names, logos, and trade secrets.

14. In the case styled *United States v. John Michael Felts*, Case No. 23-03077-01-CR-S-SRB (W.D. Mo.), Debtor waived indictment and pleaded guilty to conspiracy to commit wire fraud and wire fraud, pursuant to an agreement with the Government on July 28, 2023. [*See* Information and Plea Agreement, Docs. 4, 8, *United States v. Felts*, Case No. 23-03077-01-CR-S-SRB.]

15. The felony charges arose from Debtor's conduct between January 2018 and September 13, 2022, in which he owned several limited liability companies and used those companies to apply for fraudulent relief through the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, including monetary relief through the Paycheck Protection Program and Economic Injury Disaster Loans.

16. As part of Debtor's plea agreement with the Government, Debtor agreed that he would be liable to pay "at least $9,988,817" in restitution for his illegal conduct and that agreed restitution would be ordered pursuant to 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act ("MVRA"). [Plea Agreement, Doc. 8, ¶ 16a.]

17. Further, Debtor agreed that he "has made no transfer of assets or property for the purpose of: (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; or (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the [Debtor] promises that he will make no such transfers in the future." [Plea Agreement, Doc. 8, ¶ 16j.]

18. On March 20, 2024, Jennifer Felts formed defendant White River Brewery, LLC, pursuant to an Articles of Organization filed with the Missouri Secretary of State. [Exhibit C.]

19. On or about March 20, 2024, WR Brewery Holdings, LLC executed a warranty deed, signed by Debtor acting in his capacity as the sole member of WR Brewery Holdings, LLC, in favor of White River Brewery, LLC for the Commercial Street Property. A true and correct copy of this deed is attached hereto as Exhibit D.

20. Neither Debtor nor WR Brewery Holdings, LLC received anything of value in exchange for the conveyance of the Commercial Street Property.

21. As the sole member of WR Brewery Holdings, LLC, and due to Debtor's aforementioned felony conviction, the Missouri Division of Alcohol and Tobacco Control of the Department of Public Safety revoked WR Brewery Holdings, LLC's license to serve alcohol on May 2, 2024. [Exhibit E.]

22. Prior to Debtor's criminal sentencing, on May 24, 2024, Debtor executed an assignment, transferring "one hundred percent (100%) cumulative membership interest in WR Brewery Holdings, LLC," to Jennifer Marie Felts. [Exhibit F.] Debtor received nothing of value in exchange for his conveyance of WR Brewery Holdings, LLC.

23. Debtor was sentenced on December 17, 2024, and ordered to serve 24 months' imprisonment and pay restitution in the amount of $8,173,736.00 to the Small Business Administration, along with a $200.00 special assessment. The restitution and special assessment were made due and payable immediately. [*See* Judgment and Commitment, Doc. 38, *United States v. Felts*, Case No. 23-03077-01-CR-S-SRB (W.D. Mo.).]

24. On March 7, 2025, a judgment of uncontested dissolution was entered in the Circuit Court of Christian County, Missouri, dissolving the marriage of Debtor and Jennifer Marie Obert

and dividing the marital estate of the two, with the Court awarding each party their own personal belongings, debts, and retirement accounts.

25. As part of the marital settlement and separation agreement, Debtor consented to the award of the entirety of "WR Brewery Holdings, a/k/a White River Brewing Company, and all property of the business, including real property described […] [Debtor] waives any and all interest in WR Brewery Holdings, a/k/a White River Brewing Company." Further, Jennifer Marie Obert "acknowledges and assumes the risk that the federal government may attempt to designate the [White River Brewing] property for seizure or forfeiture in the future as part of restitution or other proceedings." [Exhibit G.]

26. As of filing, Debtor owes $8,173,736.00 to the United States in restitution.

27. The Court's judgment in Debtor's criminal case constitutes a lien in favor of the United States on all property and rights belonging to the Debtor. 18 U.S.C. § 3613(c).

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
28 U.S.C. §§ 3304(b)(1)(A) and 3306(a)(1)
(Avoidance of Fraudulent Conveyances)

28. The allegations of paragraphs 1 through 27 are incorporated herein.

29. Debtor owes a debt to the United States as the FDCPA defines such term.

30. The transfer of the transfer of the Commercial Street Property from WR Brewery Holdings, LLC to White River Brewery, LLC by warranty deed was made with the actual intent to hinder, delay, or defraud the United States.

31. Based on the foregoing, the transfer of the Commercial Street Property was fraudulent as to a debt of the United States.

## SECOND CLAIM FOR RELIEF
28 U.S.C. §§ 3304(b)(1)(B) and 3306(a)(1)
(Avoidance of Fraudulent Conveyances)

32. The allegations of paragraphs 1 through 27 are incorporated herein.

33. The transfer of the Commercial Street Property from WR Brewery Holdings, LLC to White River Brewery, LLC by warranty deed was made without receiving of reasonably equivalent value in exchange for the transfer, and Debtor believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

34. Based on the foregoing, the transfer of the Commercial Street Property was fraudulent as to a debt of the United States.

## THIRD CLAIM FOR RELIEF
Mo. Rev. Stat. § 428.024
(Avoidance of Fraudulent Conveyances)

35. The allegations of paragraphs 1 through 27 are incorporated herein.

36. The transfer of the Commercial Street Property from WR Brewery Holdings, LLC to White River Brewery, LLC by warranty deed was made with the actual intent to hinder, delay, or defraud the United States.

37. Based on the foregoing, the transfer of the Commercial Street Property was fraudulent as to a debt of the United States.

## FOURTH CLAIM FOR RELIEF
Mo. Rev. Stat. § 428.024
(Avoidance of Fraudulent Conveyances)

38. The allegations of paragraphs 1 through 27 are incorporated herein.

39. The transfer of the Commercial Street Property from WR Brewery Holdings, LLC to White River Brewery, LLC by warranty deed made without receiving of reasonably equivalent value in exchange for the transfer, and Debtor believed or reasonably should have believed that he

would incur debts beyond his ability to pay as they became due.

40. Based on the foregoing, the transfer of the Commercial Street Property was fraudulent as to a debt of the United States.

## FIFTH CLAIM FOR RELIEF
28 U.S.C. § 3306(a)(3)
(Money Judgment)

41. The allegations of paragraphs 1 through 27 are incorporated herein.

42. The United States is entitled under the FDCPA to a money judgment against Defendant Jennifer Marie Obert in an amount that reflects Debtor's equity interest in the Commercial Street Property and WR Brewery Holdings, LLC but not to exceed the amount that Debtor owes on his restitution judgment.

## SIXTH CLAIM FOR RELIEF
28 U.S.C. § 3306(a)(3)
(Injunctive Relief)

43. The allegations of paragraphs 1 through 27 are incorporated herein.

44. The United States is entitled under the FDCPA to an injunction against Defendant Jennifer Marie Obert and Debtor to prevent disposition, transfer, alteration of title to, diminution of the value of equity in, mortgage, refinance, or encumbrance of the Commercial Street Property and WR Brewery Holdings, LLC.

## PRAYER FOR RELIEF

WHEREFORE, the UNITED STATES requests relief as follows:

45. A declaration of nullity and voidance of Debtor's transfer of the Commercial Street Property and WR Brewery Holdings, LLC to Defendant Jennifer Marie Obert;

46. A declaration that the United States' Lien applies to the Commercial Street Property and WR Brewery Holdings, LLC;

47. A money judgment against Defendant Jennifer Marie Obert in an amount that reflects Debtor's actual equity interest in the Commercial Street Property and WR Brewery Holdings, LLC but not to exceed the amount that Debtor owes on his restitution judgment;

48. An injunction precluding either Defendant Jennifer Marie Obert or Debtor from disposing of, transferring, altering title to, mortgaging, refinancing, diminishing the value of equity in, or encumbering the Commercial Street Property and WR Brewery Holdings, LLC;

49. An award of costs of these proceedings; and

50. Any other relief as the Court deems just and reasonable, and as the circumstances may require.

Respectfully submitted,

**R. MATTHEW PRICE**
United States Attorney

*/s/ Anthony M. Brown*
ANTHONY M. BROWN
Assistant United States Attorney
Missouri Bar No. 62504
901 East St. Louis Street
Suite 500
Springfield, Missouri 65806
(417) 575-8167
E-mail: Anthony.Brown2@usdoj.gov