

PLAINTIFF'S
EXHIBIT

**G**

## IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

| | |
|---|---|
| IN RE THE MARRIAGE OF: | ) |
| JENNIFER MARIE FELTS and | ) |
| JOHN MICHAEL FELTS | ) |
| | ) |
| JENNIFER MARIE FELTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN MICHAEL FELTS, | ) |
| | ) |
| Respondent. | ) |

**FILED**

03/07/2025

BARBARA STILLINGS
CLERK, CIRCUIT COURT
CHRISTIAN COUNTY

Case No: 25CT-DR00023

### JUDGMENT AND DECREE OF DISSOLUTION OF MARRIAGE

This matter came before the court for determination on the date written below.

Petitioner, Jennifer Marie Felts, appeared by Affidavit and by her attorney,

Ann R. Littell Mills. Respondent, John Michael Felts, appeared by Affidavit and proceeds

Pro Se. Evidence received. The court, having reviewed the Marital Settlement Agreement and

the Affidavit, now enters the following findings and orders.

### FINDINGS

1.  At least one of the parties has been a resident of Missouri for at least ninety (90) days immediately preceding the commencement of this proceeding and thirty (30) days have elapsed since the filing of the petition. Venue is proper in this court.

2.  Neither the Petitioner nor the Respondent is a member of the Armed Forces of the United States or its allies on active duty.

3.  The parties were married on June 9th, 2019, in Gros Inlet, St. Lucia and the marriage was registered in Gros Inlet, St. Lucia.

4.      The parties separated on or about March 1st, 2024.

5.      There remains no reasonable likelihood the marriage can be preserved and, therefore, the marriage is irretrievably broken.

6.      No children were born of the marriage. Wife is not pregnant.

7.      The court has considered the Marital Settlement Agreement and the Affidavit of the parties.

MAINTENANCE

A.      After considering all relevant factors including those listed in §452.335 RSMo., the court finds that each party is capable of being self-supporting and neither is entitled to maintenance.

DIVISION OF PROPERTY AND DEBT

8.      The property and debt divided in the judgment is all property owned and all of the debt owed by the parties.

9.      The parties have agreed to the distribution of the marital assets and debts which are set forth in Exhibit "1" and incorporated herein by reference. The court finds the distribution to be fair and reasonable and not unconscionable and approves the same.

Jennifer Marie Felts vs. John Michael Felts
Christian County Case No:

## JUDGMENT AND DECREE OF DISSOLUTION OF MARRIAGE

The court enters judgment and orders:

I.      The marriage of Petitioner, Jennifer Marie Felts and Respondent, John Michael Felts is hereby dissolved.

II.     Neither party is ordered to pay maintenance to the other.  This order is non-modifiable.

III.    The property and debt of the parties is divided as follows:

   A. The court sets aside to Petitioner as Petitioner's non-marital property that property set out in the attached Marital Settlement Agreement, exhibit "1".

   B. The court sets aside to Respondent as Respondent's non-marital property that property set out in the attached Marital Settlement Agreement, exhibit "1".

   C. The court awards to Petitioner as Petitioner's marital property that property set out in the attached Marital Settlement Agreement, exhibit "1", and orders the Petitioner to pay said marital debts as listed in the Marital Settlement Agreement, exhibit "1".

   D. The court awards to Respondent as Respondent's marital property that property set out on the attached Marital Settlement Agreement, exhibit "1", and orders the Respondent to pay said marital debts as listed in the Marital Settlement Agreement, exhibit "1".

IV.     The court retains jurisdiction pursuant to §452.330.5 RSMo. for the purpose of establishing or maintaining a necessary qualified domestic relations order to effectuate the terms of this judgment.

V.      Each party is ordered to indemnify and hold harmless the other on the debts each is ordered to pay.

VI.     A. Each party shall pay their own attorney fees.

Jennifer Marie Felts vs. John Michael Felts
Christian County Case No:

Case 6:25-cv-03252-JAM     Document 1-7     Filed 09/04/25     Page 3 of 19

VII.     Any relief requested by either party which is not granted or otherwise addressed herein

         is deemed denied.

VIII.    Each party is ordered to execute such documents and take such action as is necessary to

         carry out the terms of this judgment.

IX.      Wife does wish to restore her maiden name of "Obert".

         All exhibits are incorporated by reference herein.

         Costs are taxed to Petitioner.


## JUDGMENT

         The above Findings and Orders are hereby adopted and are entered as the **Final Judgment**
of this Court this date.

3/6/2025                              Signature on Judgment with Unredacted Exhibits
DATE                                  JUDGE

# IN THE CIRCUIT COURT OF CHRISTIAN COUNTY, MISSOURI

IN RE THE MARRIAGE OF:      )
JENNIFER MARIE FELTS and     )
JOHN MICHAEL FELTS        )
                                 )
JENNIFER MARIE FELTS,       )
                                 )
        Petitioner,        )
                                 )
vs.                            )    **Case No:** 25CT-DR00023
                                 )
JOHN MICHAEL FELTS,        )
                                 )
        Respondent.      )

## MARITAL SETTLEMENT AND SEPARATION AGREEMENT

**THIS AGREEMENT** is made on this date last written below, between Jennifer Marie Felts, hereinafter called "WIFE," and John Michael Felts, hereinafter called "HUSBAND."

**WITNESSETH**, that:

**WHEREAS**, the parties to this Agreement were married and separated on the dates set forth in the Petition. The parties separated because of irreconcilable differences which have arisen between them, which render it impossible for them to live together as husband and wife, with no reasonable likelihood that the marriage of the parties can be preserved, to the end that the marriage is irretrievably broken; and

**WHEREAS**, the parties hereto desire to fully and finally settle all claims for maintenance, all property rights, claims and interests of and between them, and make provisions regarding the disposition of their property; and

**WHEREAS**, there were no children born of the marriage between the parties.

**NOW, THEREFORE**, for valuable consideration, each received by the other and for mutual promises herein contained, it is agreed as follows:

1.    **Division of Non-Marital Property**. The parties agree that there is non-marital property to be set apart by the Court as set forth in Exhibit "A."

2.    **Assumption of Debts and Liabilities**.      From and after the signing of this agreement, each party will be solely liable for the debts acquired by him or her.

3.    **Past Debts – Terms of Payment**.      All debts acquired prior to the signing of this Agreement will be the sole responsibility of the party incurring such debt as set forth in Schedule "B" attached hereto.

4.    **Indemnification**.      Husband and Wife hereby agree to indemnify and hold harmless the other and defend him or her from and against all claims and liabilities and will reimburse the other for any and all expenses made or incurred by the other, either directly or indirectly, including reasonable attorneys fees, as a result of his or her failure to pay or otherwise satisfy the specific debts and liabilities assumed by each herein.

5.    **No Undisclosed Debts**.      Each of the parties warrants to the other that, on or before execution of this Agreement, he or she has not incurred any obligation that has not been disclosed to the other, which is either an obligation on or which the other party is or may become personally liable, or an obligation that could be enforced at any time against an asset held, or to be received under this Agreement, by the other party. Each party covenants not to incur any such obligation on or after execution of this Agreement, except as specifically agreed to by both parties.

6.     **Division of Marital Property**.     The parties hereto have divided all marital property such that there remains nothing to divide, except as set forth in Schedule "A."

7.     **Real Estate – Terms of Division**.     The parties own real property located at 926 East Greenwood, Springfield, Missouri, 65807 and legally described herein. This property is awarded to Wife as her non-marital property.



The parties own real property located at 1268 Jones Spring Lane, Springfield, Missouri 65809 which was foreclosed on, and is legally described herein.



Any deficiencies on this property are the sole and separate responsibility of Respondent.

8.     Vehicles.     Wife shall receive the 2019 Jeep Wrangler,

as her marital property and agrees to maintain and repair the vehicle at her own expense. Husband shall sign a Gift Affidavit with respect to the 2019 Jeep Wrangler. Husband shall receive the 2021 Ford F-150 Truck, ████████ , including the debt owed to Ford Credit in the approximate amount of $67,285.00 and the 2021 BMW X7, VIN: ████████ , including the debt owed to Bank of America, in the approximate amount of $80,411.00 as his marital property and agrees to maintain and repair the vehicle at his own expense.

9. Retirement Plans. The parties shall each retain retirement plans that were accumulated during the marriage, including but not limited to, Wife shall retain her Dillard's Investment and Employee Stock Ownership, (Milliman Benefits) Account ending in ██ that is in her name and any and all other retirement plans held in her own name; Husband shall retain any and all other retirement plans held in his own name.

10. Maintenance. The parties have agreed that both parties are able to support themselves with their income and the marital property set aside to each of them and neither is in need of maintenance.

11. Business: Wife is awarded WR Brewery Holdings, a/k/a White River Brewing Company (hereinafter "WRB") and all property of the business, including real property described in the attached Schedule C. Husband waives any and all interest in WR Brewery Holdings, a/k/a White River Brewing Company.

Husband and Wife stipulate and agree that Husband is the subject of a federal criminal fraud prosecution in the United States District Court for the Western District of Missouri, case number ████████ . As a result of this prosecution, the

government has permanently seized and forfeited numerous assets in which Wife would otherwise have had a marital interest during this divorce proceeding. These assets, including real property, houses, jewelry, various personal property, and vehicles, which are specifically identified in                                    case number                                    The United States did not identify WRB and the real property associated with it, as a property to which the United States was seeking forfeiture.

To offset Wife's loss of valuable marital property resulting from Husband's criminal actions and the subsequent forfeitures, Husband and Wife agree that Wife shall receive the WRB property in total as part of this divorce decree. This transfer is intended as compensation for the marital property Wife has lost due to Husband's conduct and the associated federal forfeiture action.

Although the United States government has not identified the WRB property as subject to forfeiture or restitution as of the date of this Agreement, Wife expressly acknowledges and assumes the risk that the federal government may attempt to designate the WRB property for seizure or forfeiture in the future as part of restitution or other proceedings. Wife accepts full responsibility for this risk. By signing this Agreement, Wife affirms her understanding and acceptance of these risks and agrees that the transfer of the WRB property is intended to offset her losses from Husband's criminal actions.

## GENERAL PROVISIONS

1.     **Incorporation in Decree**.    It is the intent of the parties that the terms of this agreement be incorporated and fully set forth in any decree of dissolution of marriage entered by the Court.

2.     **Severability of Provisions**. In the event that any provision of the agreement is unenforceable when incorporated as part of the Court's judgment, it shall be considered severable and enforceable by an action based on contractual obligation and it shall not invalidate the remainder of this agreement as incorporated in any decree.

3.     **Tax Consequences**. Husband and Wife acknowledge that they have been advised, individually, that the most appropriate method for determining the tax consequences of this Marital and Separation Agreement to each individual is to provide their tax advisor (other than their attorney herein) with a copy of this document, with a request for advice, counsel and criticism. In keeping with the foregoing, Wife has either provided her tax advisor (other than her attorney herein) with a copy of this document, before execution, received his advice, counsel and criticism, and is satisfied she understands the tax consequences of this Marital Settlement and Separation Agreement, or has elected not to seek such advice, counsel and criticism, and assumes full, complete and exclusive responsibility for all tax consequences to her of this Agreement. Likewise, Husband has either provided his tax advisor (other than his attorney herein) with a copy of this Marital Settlement and Separation Agreement before execution, received his advice, counsel and criticism, and is satisfied he understands the tax consequences of this Agreement, or has elected not to seek such advice, counsel or criticism and assumes full,

complete and exclusive responsibility for all tax consequences to him of this Marital Settlement and Separation Agreement.

4. **Mutual Releases**. Subject to the provisions of this Agreement each party has remised, released and forever discharged and, by these presents does himself and herself and his or her heirs, legal representatives, executors, administrators and assigns remise, release and forever discharge the other of and from all cause or causes of action, claims, rights or demands whatsoever in law or in equity, which either party hereto ever has or now has against the other, except any and all cause or causes of action for dissolution of marriage or rights arising from this Agreement or subsequent court order.

5. **Mutual Waiver or Rights in Estates**. Except as otherwise provided in this Agreement, each party shall have the right to dispose of his or her property of whatsoever nature, real or personal, and each party, for himself or herself, respectively, and for their respective heirs, legal representatives, executors, administrators, personal representatives and assigns, hereby waives any right or election which he or she may have or hereafter acquire regarding the estate of the other or to take against any Last Will and Testament of the other or any codicil thereto, whether heretofore or hereinafter executed, as provided for in any law now or hereinafter effective of this state or any other state or territory of the United States or any foreign country renounces and releases all interest, right or claim of distributive share or interstate succession or dower or courtesy, or community property or statutory exemption or allowance or otherwise, that he or she now has or might otherwise have against the other or the estate of the other, or the property of whatsoever nature, real or personal, of the other party under or by virtue of the laws of any

state or country. Nothing contained in this particular paragraph, however, shall effect any obligation undertaken in the other paragraphs of Agreement by either party.

6. **Disposal of Property**. Each of the parties shall, from the date of this Agreement have the right to dispose of his or her property by intervivos conveyance, gift, last will or otherwise, as though single person.

7. **Execution of Papers**. Each party shall, at any time and from time to time hereafter, take any and all steps to execute, acknowledge and deliver to the other any and all instruments, assurances, and affidavits that the other party may reasonably require or find convenient, expedient or businesslike for the purpose of giving full force and effect to the provisions of this Agreement.

8. **Voluntary Agreement and Investigation and Disclosure**. Each of the parties hereby affirm that they are entering into this Agreement freely and voluntarily; that they have ascertained and weighed all the facts and circumstances likely to influence his or her judgment herein; that they have given due consideration to such provisions in question; that they have sought independent advice of counsel in regard to all details and particulars of the Agreement and the underlying facts; and that they clearly understand and assent to all the provisions hereof. The parties further warrant that they have each disclosed to the other the full extent of their respective properties and income, and each acknowledges that the other has made full disclosure thereof. Each party acknowledges that in negotiations and finalization of this Agreement and acts and transactions referred to herein, each has made an independent investigation concerning the nature, extent and value of the real and personal property of the parties and that the

provisions hereof are just, equitable and not unconscionable, and merit the approval and confirmation of any court called to adjudge rights and relations.

9. **Living Apart**. The parties shall continue to live separate and apart from the date of this Agreement, free from any interference by the other, as if fully unmarried, and further, neither will molest, malign, annoy or trouble the other in any manner.

10. **Execution**. Each party hereto acknowledges that each of them is making this agreement of his or her own free will and volition, and acknowledges that no coercion, force, pressure or undue influence has been used against either party in the making of this agreement, either by the other party to this agreement or by any other person or persons.

11. **Statutory Compliance**. The validity and construction of this Agreement shall be determined in accordance with the laws of the State of Missouri.

12. **Payment of Costs and Attorneys Fees**. Each party shall pay his or her own attorneys' fees and court costs are assessed against Petitioner insofar as the filing fee for Petition of Dissolution of Marriage.

**IN WITNESS WHEREOF**, the parties hereto set their hands, having read and fully understanding the provisions hereto, the day and year first written. A photostatic copy of this fully executed document shall be considered as effective and valid as the original.

_____
Jennifer Marie Felts, Wife

_____
John Michael Felts- Husband

STATE OF MISSOURI )
) ss.
COUNTY OF GREENE )

On this 9th day of January 2025, before me personally appeared

Jennifer Marie Felts, to me known to be the person described in and who executed the

foregoing instrument and acknowledged that she executed the same as her free act and

deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand an affixed my official

seal at my office in Springfield, Missouri, the day and year last above written.

REGAN MICHELLE de LEON
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires Aug.9, 2025
Commission #21781524

Notary Public

My commission expires: 8/9/2025

STATE OF MISSOURI )
) ss.
COUNTY OF GREENE )

On this 15th day of January 2025 before me personally appeared

John Michael Felts, to me known to be the person described in and who executed the

foregoing instrument and acknowledged that he executed the same as his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand an affixed my official

seal at my office in Springfield, Missouri, the day and year last above written.

REGAN MICHELLE de LEON
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires Aug.9, 2025
Commission #21761524

Notary Public
My commission expires:
August 9, 2025

## Schedule A

### Non-Marital Property to be Awarded to Wife

All personal property, clothes, jewelry, and household goods and furnishings currently in wife's possession.

Wife shall receive the property located at 926 East Greenwood, Springfield, Missouri, 65807. Mortgage held at Rocket Mortgage, under Jennifer Obert, Account ending in ▇▇▇ in the approximate debt of $95.770.99.

### Non-Marital Property to be Awarded to Husband

All personal property, clothes, jewelry, and household goods and furnishings currently in husband's possession.

### Marital Property to be Awarded to Wife

All personal property, clothes, jewelry, and household goods and furnishings currently in wife's possession, including but not limited to:

Wife shall receive the 2019 Jeep Wragler ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Wife shall retain her Dillard's Investment and Employee Stock Ownership, (Milliman Benefits) Account ending in ▇▇▇

Wife shall receive her Central Bank Checking Account, Account ending in ▇▇▇

Wife shall receive her Central Bank Savings Account, Account ending in ▇▇▇

Wife shall receive her Etrade Account, Account ending in ▇▇▇

Wife shall receive her Arvest Business Checking Account, Account ending in ▇▇▇

Wife shall receive her Bank of America Business Account, Account ending in ▇▇▇

Wife shall receive her Central Bank Business Account, Account ending in ▇▇▇

## Marital Property to be Awarded to Husband

All personal property, clothes, jewelry, and household goods and furnishings currently in husband's possession.

Husband shall receive the 2021 Ford F-150, ███████████████████████ with a debt owed to Ford Credit, in the approximate sum of $80,411.00.

Husband shall receive the 2021 BMW X7 ███████████████████████, with a debt owed to Bank of America

## Schedule B

### Non-Marital Debts to be paid by Wife

Any and all debts incurred by Wife.

Mortgage held at Rocket Mortgage, under Jennifer Obert, Account ending in ███ in the approximate debt of $95,770.99 with respect to the property located at 926 East Greenwood, Springfield, Missouri 65807.

### Non-Marital Debts to be paid by Husband

Any and all debts incurred by Husband;

### Marital Debt to be assumed and paid by Wife

Any and all debts incurred by Wife.

### Marital Debt to be assumed and paid by Husband.

Any and all debts incurred by Husband.

Husband shall maintain the loan for 2021 Ford F-150 ███████████████, debt owed to Ford Credit, in the approximate sum of $$67,285.00.

Husband shall maintain the loan for the 2021 BMW X7 ███████████████ with a debt owed to Bank of America in the approximate sum of $80,411.00

Husband shall maintain, and is awarded, the debt of the Gallion 470, in the approximate sum of $750,000.00

## Schedule C
## Real Estate

The real property located at 926 East Greenwood, SPRINGFIELD, MISSOURI 65807, and legally described below, is awarded to Wife:



**505 West Commercial, Springfield, Missouri and legally described below, is awarded to Wife:**

