IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>JOHN MICHAEL FELTS,<br><br>JENNIFER MARIE OBERT f/k/a JENNIFER MARIE FELTS<br><br>WR BREWERY HOLDINGS, LLC, and<br><br>WHITE RIVER BREWERY, LLC,<br><br>          Defendants. | Civil No. 6:25-cv-03252-JAM |

## **OBERT DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Jennifer Marie Obert f/k/a Jennifer Marie Felts, WR Brewery Holdings, LLC, and White River Brewery, LLC ("Obert Defendants"), submit the following Answer and Affirmative Defenses:

1. Paragraph 1 does not call for a response from Obert Defendants. To the extent a response is found to be required, Obert Defendants deny allegations inconsistent with those pled by Plaintiff.

2. Answering Paragraph 2, Obert Defendants admit that jurisdiction is proper in this Court.

3. Answering Paragraph 3, Obert Defendants admit that Venue is proper in this district.

4. Obert Defendants admit the allegations contained in Paragraph 4.

1

5. Obert Defendants admit the allegations contained in Paragraph 5.

6. Obert Defendants admit the allegations contained in Paragraph 6.

7. Obert Defendants admit the allegations contained in Paragraph 7.

8. Obert Defendants admit the allegations contained in Paragraph 8.

**Statement of Facts**

9. Obert Defendants admit the allegations contained in Paragraph 9.

10. To the extent that the allegations contained in Paragraph 10 purport to rely on or restate the contents of a specific document, Obert Defendants state that the document referenced speaks for itself and is the best evidence of its content, and Obert Defendants deny all allegations in contradiction therewith.

11. Obert Defendants admit that Debtor began owning the brewery in 2021 and held himself out to the public as the owner at that time. Obert Defendants lack information or knowledge sufficient to admit or deny the remaining allegations and therefore deny the same.

12. Obert Defendants admit that the Property operated as a brewery and contained personal property belonging to the business. Obert Defendants state that the remaining allegations in Paragraph 12 are vague and conclusory and deny the same.

13. Obert Defendants admit the allegations contained in Paragraph 13.

14. Obert Defendants admit the allegations contained in Paragraph 14.

15. To the extent that the allegations contained in Paragraph 15 purport to rely on or restate the contents of John Felts' charging documents, Obert Defendants state that those documents speak for themselves and are the best evidence of their content, and Obert Defendants deny all allegations in contradiction therewith. To the extent any further response is necessary,

Obert Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 15, and, therefore, deny the same.

16. To the extent that the allegations contained in Paragraph 16 purport to rely on or restate the contents of John Felts' Plea Agreement, Obert Defendants state that the document speaks for itself and is the best evidence of its content, and Obert Defendants deny all allegations in contradiction therewith.

17. To the extent that the allegations contained in Paragraph 17 purport to rely on or restate the contents of John Felts' Plea Agreement, Obert Defendants state that the document speaks for itself and is the best evidence of its content, and Obert Defendants deny all allegations in contradiction therewith.

18. Obert Defendants admit the allegations contained in Paragraph 18.

19. To the extent that the allegations contained in Paragraph 19 purport to rely on or restate the contents of a specific document, Obert Defendants state that the document referenced speaks for itself and is the best evidence of its content, and Obert Defendants deny all allegations in contradiction therewith.

20. Obert Defendants deny the allegations contained in Paragraph 20.

21. To the extent that the allegations contained in Paragraph 21 purport to rely on or restate the contents of a specific document, Obert Defendants state that the document referenced speaks for itself and is the best evidence of its content, and Obert Defendants deny all allegations in contradiction therewith. To the extent any further response is necessary, Obert Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 21, and, therefore, deny the same.

22. To the extent that the allegations contained in Paragraph 22 purport to rely on or restate the contents of a specific document, Obert Defendants state that the document referenced speaks for itself and is the best evidence of its content, and Obert Defendants deny all allegations in contradiction therewith. Further answering, Obert Defendants deny Debtor received nothing of value in exchange for his conveyance.

23. Obert Defendants admit the allegations in Paragraph 23.

24. Obert Defendants admit the allegations contained in Paragraph 24.

25. To the extent that the allegations contained in Paragraph 25 purport to rely on or restate the contents of a specific document, Obert Defendants state that the document referenced speaks for itself and is the best evidence of its content, and Obert Defendants deny all allegations in contradiction therewith.

26. Answering Paragraph 26, Obert Defendants lack information sufficient to admit or deny the allegations contained therein and therefore deny the same.

27. The allegations contained in Paragraph 27 contain legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 27 are deemed factual allegations, Obert Defendants lack information sufficient to admit or deny at this time and deny the same.

## COUNT I

28. Obert Defendants incorporate by reference their responses contained in the above referenced paragraphs as if fully restated herein.

29. The allegations contained in Paragraph 29 contain legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 29 are deemed factual

allegations, Obert Defendants lack information sufficient to admit or deny at this time and deny the same.

30. Obert Defendants deny the allegations contained in Paragraph 30.

31. Obert Defendants deny the allegations contained in Paragraph 31.

## COUNT II

32. Obert Defendants incorporate by reference their responses contained in the above referenced paragraphs as if fully restated herein.

33. Obert Defendants deny the allegations contained in Paragraph 33.

34. Obert Defendants deny the allegations contained in Paragraph 34.

## COUNT III

35. Obert Defendants incorporate by reference their responses contained in the above referenced paragraphs as if fully restated herein.

36. Obert Defendants deny the allegations contained in Paragraph 36.

37. Obert Defendants deny the allegations contained in Paragraph 37.

## COUNT IV

38. Obert Defendants incorporate by reference their responses contained in the above referenced paragraphs as if fully restated herein.

39. Obert Defendants deny the allegations contained in Paragraph 39.

40. Obert Defendants deny the allegations contained in Paragraph 40.

## COUNT V

41. Obert Defendants incorporate by reference their responses contained in the above referenced paragraphs as if fully restated herein.

42. Obert Defendants deny the allegations contained in Paragraph 42.

## COUNT VI

43. Obert Defendants incorporate by reference their responses contained in the above referenced paragraphs as if fully restated herein.

44. Obert Defendants deny the allegations contained in Paragraph 44.

45. Obert Defendants deny the allegations contained in Paragraph 45.

## Prayer for Relief

Obert Defendants deny that Plaintiff is entitled to any of the relief claimed in the Prayer for Relief section of Plaintiff's Petition, including that of declaratory judgment, money judgment, injunction, award of costs, or other relief sought in paragraphs 45 through 50 of Plaintiff's Petition.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred in whole or in part by the doctrine of waiver, estoppel, and laches in that Plaintiff should be estopped from attempting to circumvent its affirmative representations that it would not seek restitution if the Property was conveyed/transferred to Obert Defendants. Jennifer Obert detrimentally relied on the government's representations made to Abe McGull (Mr. Felts' former attorney) that were relayed to her.

2. Plaintiff's claims are barred in whole because the government consented to the conveyance/transfer of the Property.

3. Plaintiff's claims are barred in whole or in part because Obert Defendants were Bonafide purchasers through sweat equity and value provided to the Property, both before and after the transfer, and the transfer was made in good faith.

4. Plaintiff's claims are barred in whole or in part because Jennifer Obert is the innocent spouse who should not be held liable for the criminal acts of her ex-husband.

5. Plaintiff's claims are barred, in whole or in part, due to the doctrines of estoppel and laches in that Obert Defendants detrimentally relied on the government's representations and have forgone other business opportunities by attempting to make the brewery operational, especially given she reasonably believed, based on the conduct of the government, that this transfer/conveyance would not be challenged by the government.

6. Alternatively, if the government is found to have an interest in the Property, it does not exceed that of Mr. Felts' one-half interest because the Property was acquired during Jennifer Obert's marriage to Mr. Felts.

7. Plaintiff's claims are barred by setoff to the extent that there are other sources of finances from Mr. Felts to satisfy his restitution obligations.

8. Plaintiff's claims are barred for failure to state a claim upon which relief may be granted.

9. Obert Defendants reserve the right to assert other affirmative and/or additional defenses as may become known during litigation.

HUSCH BLACKWELL LLP

By: */s/ E. Ryan Olson*
E. Ryan Olson; Mo. Bar. No. 66125
3810 E. Sunshine Street
Springfield, MO 65809
Ph: (417) 268-4035
Fax: (417) 268-4040
Ryan.Olson@huschblackwell.com
***Attorneys for Defendants Jennifer Marie Obert f/k/a Jennifer Marie Felts, WR Brewery Holdings, LLC and White River Brewery, LLC***

## **CERTIFICATE OF SERVICE**

      The undersigned states that a copy of the foregoing has been filed and electronically served upon all counsel of record through the Court's electronic filing system on this 30th day of December 2025.

      /s/ *E. Ryan Olson*